```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
"V.S.", et al.
                          Plaintiffs,          MEMORANDUM AND
                                                ORDER
          - against -
                                                07-CV-0213 (DLI) (JO)
NADIRA MUHAMMAD, et al.,
                          Defendants.
----------------------------------------------------------X
DENES Q., et al.
                          Plaintiffs,
                                                07-CV-1281 (DLI) (JO)
          - against -

JANET CAESAR, et al.,
                          Defendants.
----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

In each of these actions, individual defendants employed by the City of New York move for a stay of all proceedings in this court pending resolution of an interlocutory appeal to the United States Court of Appeals for the Second Circuit. Specifically, each of the movants earlier moved to dismiss the claims against them based on an assertion of qualified immunity, only to have that motion denied; each now seeks review of that denial in the appellate court, and contends that I should stay discovery not only on the claims against them that are the subject of the pending appeals, but also on all other claims in the case. Docket Entry ("DE") 60 ("Motion").[1] The plaintiffs in both actions oppose the request, while the defendant hospitals and physicians (the "medical defendants") merely decline to give their consent. DE 61 (plaintiffs' letter); Motion at 2. For the reasons set forth below, I now deny the motion.

---

[1] For ease of reference, in citing documents that have been filed on the dockets of both of the instant cases, I will provide only the docket entry number in the *"V.S."* action.

I.      Background

The plaintiffs in each of these actions are parents whose children were removed from their custody by the City of New York after receiving medical treatment for certain injuries. In each case, the City is alleged to have acted at least in part on the basis of reports by some of the medical defendants suggesting that the children's injuries were the result of parental abuse. After recovering custody of their children the plaintiffs, represented by the same counsel, sued the movants, the movants' employer the City of New York (collectively with the movants, the "City defendants"), and the medical defendants on a variety of claims. The City defendants thereafter moved for summary judgment in *"V.S."* and for judgment on the pleadings in *Denes Q.* *"V.S."*, DE 35; *Denes Q.*, DE 21. On October 1, 2008, the Honorable Dora L. Irizarry, United States District Judge, denied the motions to the extent that they sought dismissal on the basis of the movants' qualified immunity. DE 52 at 25-33, 37-38.[2] On October 21, 2008, the City defendants filed a notice of appeal seeking review of Judge Irizarry's order. DE 53. The movants now ask me to stay all proceedings in these cases, including discovery on the claims that are not at issue in the pending interlocutory appeal, until the Court of Appeals completes its review.

II.     Discussion

   A.   Applicable Law

Although Judge Irizarry's order was not a final judgment as to any claim, the movants seek review of her decision under the "collateral order" doctrine. That rule permits interlocutory

---

[2] In ruling on the motions, Judge Irizarry also resolved the medical defendants' separate dispositive motions. *See "V.S."*, DE 15 (Motion to Dismiss); *Denes Q.*, DE 24 (Motion to Dismiss); DE 52 at 16-25. The medical defendants have not sought interlocutory review of that part of the order.

2

appeals of a small class of non-final orders, including denials of qualified immunity, on the ground that such rulings conclusively determine a disputed question, resolve an important issue separate from the merits of the action, and are effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985) (finding denial of qualified immunity falls under the doctrine). When an order denying qualified immunity is appealed from the district court, the standard used to determine whether to stay the proceeding pending appeal is the traditional standard governing stays of civil judgments. *In re World Trade Center Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987)). Specifically, I should consider whether the movants will be irreparably injured without the stay, whether a stay will substantially injure any other interested party, the effect of a stay on the public's interests, and the movants' likelihood of success on the merits in appealing the order under review. *Id.* I briefly discuss each of these factors in turn.[3]

---

[3] The movants purport to predicate their motion for a stay on an appellate procedural rule that ordinarily requires "[a] party [to] move first in the district court for ... a stay of the judgment or order of a district court pending appeal; ... approval of a supersedeas bond; or ... an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." Fed. R. App. P. 8. It is apparent from the plain language of the rule that the instant application for a stay of pretrial and trial proceedings does not fall within its scope. Nevertheless, several courts have apparently assumed, in unpublished decisions, that Rule 8 applies in similar circumstances, albeit without any explicit discussion of that procedural question. *See Plummer v. Quinn*, 2008 WL 383507, at *1-*2 (S.D.N.Y. Feb. 12, 2008) (cited in Motion at 2); *Cecere v. City of New York*, 1991 WL 136026, at *4 (S.D.N.Y. July 12, 1991); *Roco Carriers, Ltd. v. M/V Nurnberg Express*, 1989 WL 129492, at *1 (S.D.N.Y. Oct. 27, 1989). I need not resolve the procedural question as I would in any event reach the same result on the basis of essentially the same analysis, even in the absence of a requirement under Rule 8 that I decide the matter in the first instance.

B. Application

1. A Stay Is Not Required To Protect The Movants

The movants contend that in the absence of a stay they will be exposed to the "significant burdens of litigation," including intensive discovery and trial, which will irreparably damage their interest in remaining immune from suit. Motion at 2. To the extent that the movants might have to face a trial before the pending appeal is decided, their argument carries some weight. But that concern is speculative: under the scheduling order currently in effect, discovery will not be completed until September 18, 2009. DE 57. With almost ten months left until the close of discovery, and the likelihood of further pretrial motion practice after that, I doubt this case could proceed to trial for at least another year even without a stay of discovery. If the appeal remains pending when the case is ready for trial, the movants can of course renew their motion for a stay of trial, but in the interim, granting such relief seems premature.

To the extent that the movants argue that a stay is needed to shield them from discovery – or, more precisely, to the extent that they make the implicit argument that a stay would avert discovery to which they would not in any event be subjected – I disagree. As the movants acknowledge, the plaintiffs' claims against the several defendants "are so intertwined" that the information relevant to the claims against one party is relevant to the claims against all. Motion at 4. From that premise, the movants try to bootstrap an argument that the entire litigation should be suspended while the issue of qualified immunity is considered on appeal. As I see it, the implication of the movants' observation is precisely the opposite: even if the movants prevail on appeal, the plaintiffs will be entitled to discovery on the remaining claims – discovery that will presumably be essentially the same with or without the "intertwined" claims as to which the

movants claim qualified immunity. If the claims on appeal were the only ones in this litigation, the movants' claim of irreparable harm would have some force. But in light of the fact that the movants will in any event have to participate – whether as parties or as witnesses with discoverable information – in the discovery of the claims that are not involved in the pending appeals, it is hard to see how the movants will be harmed at all in the absence of a stay, much less harmed irreparably.

2. <u>A Stay Would Susbtantially Injure Other Parties</u>

All of the parties to these cases have an interest in a speedy resolution of the pending claims. In particular, given the intensely factual nature of the allegations – matters that rest on medical diagnoses and the state of mind of those who made them and acted on them – there is a real concern that a delay in collecting evidence through the discovery process will substantially impair the interests of the plaintiffs or defendants due to fading memories and the loss of records.

3. <u>A Stay Is Not In The Public Interest</u>

The movants argue that the public has an interest in protecting individuals entitled to qualified immunity from having to participate in the discovery process. Motion at 4. I agree, but only to a limited extent. Qualified immunity serves the public interest by helping to ensure that public officials will not have a disincentive in performing their duties based on a fear that dissatisfied persons will later impose upon them the burdens of litigation. But where the public official must in any event bear some such burdens simply by virtue of having information that is properly subject to civil discovery, there is less reason to think that a stay of discovery will vindicate the public interest that qualified immunity serves.

Moreover, the public interest in achieving the goals of granting qualified immunity to its officials is only one facet of the public's interest in litigation such as this. The plaintiffs in these cases have alleged serious misconduct by public officials as well as others upon whose work those officials rely. Specifically, they allege that City employees responsible for protecting the welfare of children violated the plaintiffs' constitutional rights by separating children from their families based on the recommendation of a pediatrician the movants allegedly should have deemed unreliable due to a history of suggesting child abuse where none had actually occurred. *"V.S."*, DE 1 (Complaint) ¶¶ 18, 45; *Denes Q.*, DE 1 (Complaint) ¶¶ 22, 46. In making such accusations, the plaintiffs raise issues that implicate the safety of the most vulnerable members of our society as well as one of the most important and private of personal relationships: the bond between parent and child. Their accusations also call into question – either fairly or unfairly – the competence and good faith of public agencies and medical institutions that provide critical services to the public. The public plainly has a strong interest in learning as soon as possible whether the plaintiffs' allegations are true. However much a stay will serve to advance the public interest that is reflected in the qualified immunity doctrine, I conclude that the public interest in a speedy determination of the substance of the plaintiffs' charges is far stronger.

4. <u>The Likelihood Of Success On Appeal</u>

The extent to which a party seeking a stay must demonstrate a probability of success on appeal depends on the extent to which the other three factors – and particularly the first, concerning irreparable injury to the movant – favor a stay. *See Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (citing *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). Because I have found that the first three factors

6

weigh heavily against a stay, the movants would have to make a particularly strong showing of a likelihood of success on the merits of their appeal to persuade me to grant them the relief they seek. This they have not done. I need not and do not opine on the merits of the appeal; it suffices that the defendants have not made a strong showing that the Court of Appeals is likely to disagree with Judge Irizarry on the issue of qualified immunity.

III.    Conclusion

Weighing all of the relevant considerations together, I am not persuaded that a stay of proceedings is needed to protect the movants from irreparable harm, but I am persuaded that it would harm the legitimate interests of other parties as well as the public interest in a speedy resolution of this litigation, and I am further persuaded that the movants have failed to meet their burden of demonstrating a likelihood of success on appeal. For the reasons set forth above, I deny the request to stay all proceedings.

**SO ORDERED.**

Dated: Brooklyn, New York
November 24, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge