UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
V.S., individually and on behalf of her infant child,
T.S.,

               Plaintiffs,

        -against-

NADIRA MUHAMMAD, individually and as caseworker; NATALIE ARTHUR, individually and as supervisor; BRENDA WILSON, individually and as manager; JOHN MATTINGLY, individually and as Commissioner; DEBRA ESERNIO-JENSSEN, individually and as physician; LONG ISLAND JEWISH MEDICAL CENTER, NORTH SHORE – LONG ISLAND JEWISH HEALTH SYSTEM, INC. and CITY OF NEW YORK,

               Defendants.

**SUMMARY ORDER**

07-cv-213(DLI)(JO)

-------------------------------------------------------------------- x
DENES Q. and ANN MARIE C., individually, and on behalf of their infant daughter, Y.Q.,

               Plaintiffs,

       -against-

JANET CAESAR, individually and as caseworker; JOSETTE LAFOND-FAVIERE, individually and as supervisor; YSRNISI HOLLOWAY, individually and as supervisor; DEANNA JOHNSTON, individually and as supervisor; SHERLEY FERGUSON, individually and as manager; JOHN MATTINGLY, individually and as commissioner; DEBRA ESERNIO-JENSSEN, individually and as physician; NORTH SHORE UNIVERSITY HOSPITAL AT FOREST HILLS; LONG ISLAND JEWISH MEDICAL CENTER; NORTH SHORE – LONG ISLAND JEWISH HEALTH SYSTEM, INC.; and CITY OF NEW YORK,

               Defendants.

07-cv-1281(DLI)(JO)

-------------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

The individual defendants employed by the City of New York ("Individual City Defendants")[1] bring these motions, pursuant to Fed. R. Civ. P. 72(a), to set aside or modify the decision of Magistrate Judge James Orenstein, dated November 24, 2008 ("Judge Orenstein's M&O"),[2] denying their motions to stay all proceedings pending resolution of an interlocutory appeal to the United States Court of Appeals for the Second Circuit. In that appeal, the Individual City Defendants challenge the court's decision of September 30, 2008 denying their motions to dismiss based on their assertions of qualified immunity. For the following reasons, as well as those cited in Judge Orenstein's M&O, these motions are denied.

To determine whether to grant a stay of all proceedings pending appeal, the court considers whether: (1) the applicant will be irreparably harmed absent a stay; (2) the issuance of a stay will substantially injure the other parties interested in the proceedings; (3) the stay is in the public interest; and (4) the stay applicant has demonstrated a sufficient likelihood of successfully appealing the order under review. *In re World Trade Center Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007) (citation omitted). Magistrate judges have broad discretion in resolving such nondispositive matters, and a party seeking to overturn a discovery order bears a heavy burden. *Gorman v. Polar Electro, Inc.*, 137 F. Supp. 2d 223, 226 (E.D.N.Y. 2001) (citing *Com-Tech Assocs. v. Computer Assoc. Int'l*, 753 F. Supp. 1078, 1079 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir. 1991)). As such, the court will not disturb Judge Orenstein's M&O unless the Individual City Defendants show that his findings were clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Individual City Defendants have not met this

---

[1] The Individual City Defendants in *V.S. v. Muhammad*, 07-CV-213, are Nadira Muhammad, Natalie Arthur, and Brenda Wilson. The Individual City Defendants in *Denes Q. v. Janet Caesar*, 07-CV-1281, are Janet Caesar, Josette Lafond-Faviere, Yemisi Holloway, Deanna Johnston, and Sherley Ferguson.
[2] Familiarity with Judge Orenstein's M&O, as well as the procedural history and relevant facts of this case is assumed.

burden.

As a threshold matter, the court notes that the Individual City Defendants did not object to Judge Orenstein's findings that a stay would substantially injure other parties or that a stay is not in the public interest. Therefore, such objections are waived. Even if the Individual City Defendants had objected, the court would not disturb these well-reasoned findings. Thus, the only two issues that the court addresses is whether Judge Orenstein properly concluded that: (1) the burdens of discovery do not constitute irreparable harm; and (2) the Individual City Defendants have not made a sufficient showing of a likelihood of success on appeal.

With respect to irreparable harm, the Individual City Defendants concede that, regardless of whether they are dismissed from the case, they will be subject to discovery, including giving deposition testimony and providing documents. They argue, however, that Judge Orenstein failed to consider how the scope of that discovery would be greatly reduced if they were dismissed. This is not so. Judge Orenstein explicitly found, and the Individual City Defendants have acknowledged, that "the plaintiffs' claims against the several defendants are so intertwined that the information relevant to the claims against one party is relevant to the claims against all." *V.S. v. Muhammad*, 07-CV-213, 07-CV-1281, 2008 WL 5068877, at \*2 (Nov. 24, 2008) (internal quotation marks omitted). Therefore, whether or not the Individual City Defendants are dismissed, their discovery burdens remain the same.

The Individual City Defendants claim that certain discovery, such as their professional test scores and the complaints lodged against them with various New York City agencies, would not be required if they were dismissed from the case. The court disagrees. Such evidence exemplifies how evidence relevant to the claims against one party is relevant to the claims against all given the intertwined nature of the claims. The City of New York remains a

defendant, and such evidence is relevant to, or can lead to evidence that is relevant to, whether the municipality has a practice of permitting its agents to unconstitutionally remove children from their parents.

The Individual City Defendants also argue that the ordeal of being deposed as a defendant presents unique "psychic" burdens that constitute irreparable harm. They do not explain precisely how the psychic burden is greater for a named defendant than for a witness employed by one of the defendants—and the court is not convinced that there would be much of a difference. In either case, the Individual City Defendants will face the same allegations that they improperly relied on undependable information to separate children from their parents for extended periods of time. The consequences on their careers and reputations, as well as the potential liability that their testimony may have for their employer, the City of New York, would be the same regardless of whether they remain named defendants. Furthermore, in either capacity, the Individual City Defendants are not exposed to potential damages and do not have to shoulder the costs of litigation because the City of New York must defend and indemnify them. *See* McKinney's General Municipal Law § 50-k. In sum, the Individual City Defendants have not shown that Judge Orenstein was clearly erroneous in concluding that the burdens of discovery do not constitute irreparable harm.

Turning to the likelihood of success on appeal, the Individual City Defendants rely principally upon *Plummer v. Quinn*, 07-CV-6145, 2008 WL 383507, at *1 (Feb. 12, 2008 S.D.N.Y.). They argue that under *Plummer,* the court must grant a stay simply if it concludes that the Second Circuit "might disagree" with the court's decision on qualified immunity. (Individual City Defs.' Dec. 4, 2008 Letter at 2.) Their reliance on *Plummer* is misplaced. In *Plummer*, the United States District Court for the Southern District of New York found that,

4

because the other three factors strongly favored granting a stay, "Defendants need only make a minimal showing of likelihood of success on appeal." 2008 WL 383507, at *1 (citation omitted). Such is not the case here. In this instance, Judge Orenstein found that the other factors weigh heavily against granting a stay, and the court agrees. Under such circumstances, the Individual City Defendants must demonstrate that they have a particularly high likelihood of success on appeal in order to justify a stay. *See Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002). Furthermore, as this is an appeal from a magistrate judge's decision of a non-dispositive matter, the Individual City Defendants have the added burden of showing that Judge Orenstein's conclusion, that they failed to establish a high probability of success on appeal, is clearly erroneous. Fed. R. Civ. P. 72(a). The Individual City Defendants have not come close to meeting this doubly heightened burden.[3]

For the reasons set forth above, the Individual City Defendants' motions to stay all proceedings are denied.

SO ORDERED.

Dated: Brooklyn, New York
April 3, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge

---

[3] By letter of March 2, 2009, the Individual City Defendants asked the court to consider their motions in light of the Supreme Court's recent decision in *Pearson v. Callahan*, 129 S.Ct. 808 (2009). Plaintiffs responded on March 14, 2009, arguing that *Pearson* does not support the Individual City Defendants' application for a stay. The court finds that *Pearson* does not alter the court's conclusions. In *Pearson*, the Court revisited a rule set forth in *Saucier v. Katz*, 533 U.S. 194 (2001), mandating a strict two-step analysis for resolving a government official's claim of qualified immunity. Under the *Saucier* rule, the court first had to decide whether the facts established a violation of a constitutional right. *Pearson*, 129 S.Ct. at 815-16. If there was such a violation, the court then had to decide whether the right was clearly established at the time of the misconduct. *Id*. at 816. After *Pearson*, a federal court no longer has to adhere to this rigid order of analysis, but may to do so if it deems appropriate. *Id*. at 821. Furthermore, *Pearson* does not alter the substantive law that, in order to defeat qualified immunity, a court must find both that the defendant violated a constitutional right and that the law was clearly established. Accordingly, the Individual City Defendants' argument is without merit.

5