UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
"V.S.", et al.,

                              Plaintiffs,                **MEMORANDUM
                                                                 AND ORDER**
        - against -

                                                                         07-CV-0213 (DLI) (JO)

NADIRA MUHAMMAD, et al.,

                              Defendants.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       In a letter-motion dated September 16, 2009, the plaintiffs seek an order compelling defendant the City of New York (the "City") to comply with two discovery requests, as well as certain sanctions based on the City's failure to provide the information at issue thus far. For the reasons set forth below, I grant the motion to compel but deny the plaintiffs' requests for other forms of relief.

A.    <u>Deposition</u>

       On August 24, 2009, acting pursuant to Federal Rule of Civil Procedure 30(b)(6), the plaintiffs noticed the deposition of the City's Administration for Children's Services ("ACS") for September 14, 2009, and specified a variety of topics as to which they wished to inquire. Docket Entry ("DE") 92-1. By letter dated September 8, 2009, the City purported to object to the notice, and refused to comply with it. Specifically, the City's counsel wrote as follows:

> City defendants [sic] hereby object to each subsection of the Notice as vague and ambiguous, overly broad, unduly burdensome, may seek information [sic] which is not relevant to the claims or defenses of any party, not reasonably calculated to lead to the discovery of admissible evidence, seeks [sic] evidence already obtained by plaintiff's [sic] counsel, and seeks [sic] information that may be privileged and

confidential under City, State and/or federal law.  Therefore, City defendants [sic] will not produce any witnesses for deposition pursuant to the Notice.

DE 92-2.[1]  In other words, the City responded to a facially proper deposition notice with a blunderbuss objection on every conceivable ground that might apply and, on that basis, took it upon itself to refuse to discharge its discovery obligations.

Unlike the rules relating to responses to interrogatories and document requests, the rule concerning depositions does not provide for objections to a deposition notice as such.  *Compare* Fed. R. Civ. P. 33(b)(4) (objections to interrogatories), 34(b)(2)(C) (objections to document requests) *with* Fed. R. Civ. P. 30 (general rule regarding depositions).  Instead, the federal rules provide for two means by which a party may seek relief with respect to a properly noticed deposition.  First, it may seek a protective order on the basis of a showing of good cause to believe that the deposition should be limited or prohibited "to protect a party or person from annoyance, embarrassment oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).  The City did not seek such protection.  Second, a party dissatisfied with a deposition notice may make "[a]n objection *at the time of the examination* ... to any ... aspect of the deposition ... *but the deposition still proceeds*; the testimony is taken subject to any objection."  Fed. R. Civ. P. 30(c)(2) (emphasis added).  By refusing to produce a witness as directed, the City manifestly rejected this approach.

---

[1] The term "City defendants" refers collectively to the City and several of its individual employees who are also named defendants in this action.  The deposition notice at issue, having been issued pursuant to Rule 30(b)(6) was necessarily directed only to a City agency; it did not, and could not properly have, purported to impose any responsive obligation on the part of any individual defendant.  *See* Fed. R. Civ. P. 30(b)(6) ("Notice ... Directed to an Organization").

Having declined to seek either form of protection properly available to it, the City cannot now defend itself against the plaintiffs' motion to compel by belatedly proffering reasons that it might have advanced in support of an application for a protective order. For that reason alone, I can and do reject all of the City's arguments on this issue set forth in its letter of September 23, 2009, in response to the plaintiffs' motion. Moreover, even if I were to consider those arguments on the merits, I would reject each of them as a basis for resisting the deposition notice altogether. The City, like any other organizational party, must comply with a facially valid notice for a Rule 30(b)(6) deposition by producing a witness from ACS knowledgeable about the noticed topics (or multiple witnesses, if no single representative can properly testify to all noticed topics). To the extent the plaintiffs seek at the deposition to inquire about information that the ACS does not possess, the witness may of course say so, and the City is of course free to lodge such objections as it deems appropriate during the course of the deposition.

The plaintiffs would prefer to have me exercise my authority under Rule 37 to sanction the City for its intransigence by making certain findings of fact, and ask for an order compelling compliance with the deposition notice only as an alternative form of relief. The sanction they prefer is unnecessary to give all of the parties a fair opportunity to litigate the case on its merits, at least until the parties have made an attempt to conduct the deposition in good faith. I therefore decline to order such relief, *see* Fed. R. Civ. P. 1, and instead order the City to comply with the deposition notice at issue no later than October 26, 2009. To the extent the foregoing order may require a short extension of the discovery period, I direct the parties to confer and propose such scheduling relief as they deem appropriate.

B. <u>Documents</u>

In their sixth document request, the plaintiffs made a total of five requests seeking essentially two categories of documents that are at issue in the instant motion. First, the sought documents pertaining to the way ACS has interpreted and implemented practices and policies to accommodate the decision in *Matter of Phillip M.*, 624 N.E.2d 168 (N.Y. 1993); second, they seek information from Family Court cases in which defendant Debra Esernio-Jenssen either testified or issued a report. The City defendants have produced nothing in response, and the plaintiffs therefore seek an order that would preclude the City defendants from offering evidence relating to the first topic and compel them to produce all documents responsive to the second. DE 92 at 3.

The City defendants begin their opposition to this aspect of the motion by stating – in what appears to be a carefully worded assertion – that they "have not located any responsive documents." DE 97 at 2. That may be, but it raises the question as to how hard they have tried; it does not remotely suggest that no such responsive documents exist or even that locating and producing them would be unduly burdensome. With respect to the plaintiffs' request for documents concerning the *Phillip M.* decision, the response gains significance in light of the plaintiffs' assertion – which the City defendants do not dispute – that when they discussed the matter with the City defendants' counsel, the latter stated, but refused to reduce to writing, that "the City has no documents responsive to" that part of the document request. As the City defendants offer no other reason to resist producing the first category of documents, I find there is no justification for their failure to do so. On the other hand, I agree with the City defendants that their failure to provide such documents thus far does not warrant the harsh sanction of

evidence preclusion. Instead, I direct the City defendants to comply with requests 1 and 2 of the Plaintiffs' Sixth Request For Documents no later than October 26, 2009.

With respect to the second category of documents, the City defendants offer additional reasons for resisting disclosure. First, they assert the requests are unduly burdensome because "ACS has no way to capture the ... documents without search [sic] every ACS file." DE 97 at 2. I reject that argument. At a minimum, the City defendants – among whom is Dr. Esernio-Jenssen herself – plainly have the ability to identify at least some specific cases in which Dr. Esernio-Jenssen testified or provided a report, and then to search the corresponding files without having to conduct a "search [of] every ACS file" as the City defendants fear. *Id.*[2] To the extent the City defendants can identify and produce a great deal of responsive information, the possibility that producing every single piece of responsive information would be unduly burdensome is no reason to do nothing.

The City defendants' next argue in conclusory fashion that "the relevance of these documents is not established, nor would they be admissible or lead to admissible evidence." DE 97 at 3. Even taken at face value, the argument fails because the City defendants do *not* argue that the plaintiffs' request fails to meet the legal standard that actually applies to such a dispute: whether the requests at issue are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

---

[2] I note that the City defendants assert only that "*ACS* does not maintain a list of all cases for which defendant [Esernio-Jenssen] is [sic] a mandated reporter or a witness at trial." *Id*. (emphasis added). Assuming that assertion to be true, it does not address the extent to which Dr. Esernio-Jenssen herself, or other City agencies or personnel, may have sufficient information to allow the City defendants to identify responsive documents.

Finally, the City defendants argue that the requested information may not be disclosed pursuant to Section 200.5 of the Family Court Act. I disagree for two basis reasons. First, at a minimum, the City defendants can provide (or provide citation to) public records that disclose the kind of information at issue – and the plaintiffs have provided two examples of such information that may plainly be provided not withstanding the Family Court Act. Second, I note that the cited statute itself provides that among those who "shall be permitted access to" certain Family Court records is "another court when necessary for a pending proceeding involving one or more parties or children who are or were the parties in, or subjects of, a proceeding in the Family Court pursuant to [certain provisions] of the Family Court Act." N.Y.Ct. Rules § 205.5(e) (McKinney's 2009).[3]

Accordingly, there is no good cause for the City defendants to resist production of the documents responsive to requests 3, 4, and 5 of the Plaintiffs' Sixth Request For Documents. I therefore order them to produce such documents no later than October 26, 2009.

C.  Conclusion

For the reasons set forth above, I grant the plaintiffs' motion in part and deny it in part. Specifically, I order defendant City of New York to comply with the deposition notice pursuant

---

[3] To the extent that the plaintiffs seek the disclosure of records from proceedings in which they were not involved as parties or subjects, I note that the quoted provision uses the term "a proceeding" rather than "the proceeding" or any other phrase that might suggest a limitation to proceedings in which the parties or children were personally involved. While I would hesitate to read the statute so broadly as to require the disclosure of personal information the privacy of which the statute appears designed to protect (notwithstanding the clear import of the statute's text), the plaintiffs here can and do respect that privacy interest of non-parties by agreeing to receive redacted documents. Moreover, I note that other courts have likewise interpreted the provision at issue here rather less restrictively than do the City defendants. *See Cancel v. Goord*, 2007 WL 3130201, at *2 (S.D.N.Y. Oct. 23, 2007) (citing cases).

to Federal Rule of Civil Procedure 30(b)(6) no later than October 26, 2009, and I further direct the City defendants collectively to produce all documents responsive to requests 1 though 5 of the Plaintiffs' Sixth Request For Documents by the same date; however, to the extent the plaintiffs seek discovery sanctions instead of or in addition to the disclosures ordered above, I deny their request for relief.

**SO ORDERED.**

Dated: Brooklyn, New York
October 9, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge