```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
V.S., et al.,
                              Plaintiffs,              MEMORANDUM
                                                       AND ORDER
            - against -
                                                       07-CV-0213 (CBA) (JO)
NADIRA MUHAMMAD, et al.,
                              Defendants.
------------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

In a letter-motion filed on May 4, 2010, the plaintiffs ask me to compel defendant City of New York (the "City") to produce certain information. Specifically, in an earlier proceeding that gave rise to some of the claims at issue in this case, the City initiated and then later withdrew child abuse charges in Family Court against plaintiff V.S. The plaintiffs contend that the City has never provided documents or testimony to explain the withdrawal, but that at a pre-motion conference in this litigation before the Honorable Carol B. Amon, United States District Judge, the City's counsel, Martin Bowe ("Bowe"), made certain representations about the reason for the withdrawal of the child-abuse charges. The plaintiffs now seek to compel the City to produce the source of Bowe's information. Docket Entry ("DE") 120. The City opposes the motion on the ground that it is no longer subject to party discovery in this action. DE 121. In addition, the City improperly folds into its opposition letter an affirmative motion of its own: it seeks the reimbursement of its costs in responding to the instant motion and also a protective order that would, at least for the time being, bar the plaintiffs from requesting any further discovery from the City and the other "City defendants" or from "submitting any further motions or correspondence relating to this case to either [me] or Judge Amon." *Id*. at 2. For the reasons explained below, I deny all of the pending requests for relief.

The issue is clouded somewhat by the unusual procedural posture of the plaintiffs' claims against the City defendants.[1] After the court denied the City defendants' motion for summary judgment, *V.S. ex rel. T.S. v. Muhammad*, 581 F. Supp. 2d 365 (E.D.N.Y. 2008), the United States Court of Appeals for the Second Circuit reversed. Specifically, the appellate court concluded that "the federal claims against the City Defendants must be dismissed on grounds of qualified immunity and the state claims against the City Defendants must be dismissed on grounds of absolute immunity." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010). It therefore ordered "the case remanded to the district court with directions to dismiss all claims against defendant-appellants." *Id*. That mandate was entered on the docket in this case on March 12, 2010. Later, the plaintiffs asserted that some of their claims against the City defendants should nevertheless be deemed viable on the ground that taking the mandate at face value would mean that the appellate court "sua sponte dismissed all claims against all City defendants, even those who did not appeal, based on issues that were not briefed." DE 120 at 1. Although this court has not embraced the plaintiffs' view – *see* DE 119 ("To the extent that [plaintiffs] argue that the [City defendants] remain parties to [this] action, [plaintiffs] must seek clarification from the Second Circuit Court of Appeals.") – as a technical matter it is true that the court has not yet formally dismissed the City defendants and that they therefore remain parties to this case.

I agree with the City that, regardless of the City defendants' formal status as parties, it would be unreasonable to require them to provide any discovery on the basis of that status. Unless and until the appellate court says otherwise, I assume that the City defendants have no

---

[1] In addition to the City, I use the phrase "City defendants" to refer to defendants Muhammad, Arthur, Wilson, and Mattingly, each of whom is or was a City employee and is sued as a result of actions in that capacity.

2

further obligations to provide discovery by virtue of the fact that the plaintiffs have asserted causes of action against them.

On the other hand, the City's response to the instant motion completely ignores the fact that the plaintiffs asserted a basis for obtaining the discovery at issue on a ground entirely unrelated to the City's status as a named defendant:

> However, irrespective of whether the case against the City defendants continue, plaintiffs require the information [at issue] for the case against the medical defendants and ask that the City be compelled to produce the source of Mr. Bowe's statements to Judge Amon regarding the reason for withdrawal [of the child abuse charges]. If, as we believe, the City made a determination that the medical defendants' diagnosis was wrong, that fact would be highly relevant.

DE 120 at 2. Indeed, it is clear from the plaintiffs' letter that their primary request – and indeed, possibly the only request they seek to litigate at this point – is to obtain the information they seek from the City for use in litigating the unquestionably live claims against the medical defendants.[2]

Given the care with which the plaintiffs have crafted their request to ensure that it does *not* stand or fall with the viability of their claims against the City defendants, it is more than a little tempting to view the City's failure to address that central aspect of the motion as a default, and therefore to grant the motion on consent.[3] I do not do so primarily because the City's lack of

---

[2] I use the phrase "medical defendants" to refer to defendants Esernio-Jenssen, Long Island Jewish Medical Center, and North Shore-Long Island Jewish Health System, Inc.

[3] It is particularly difficult to credit the proposition that the City did not understand the motion to be directed to its role as a source of discoverable information as to claims against the medical defendants in light of the fact that the City sought in vain to prevent exactly that kind of discovery earlier in this litigation. *See V.S. v. Muhammad*, 2009 WL 936711, at *1 (E.D.N.Y. Apr. 3, 2009) (rejecting challenge to an earlier ruling that denied a request to stay all discovery of the plaintiffs' claims against the medical defendants pending the City defendants' appeal, in part because "regardless of whether [the City defendants] are dismissed from the case, they will be subject to discovery, including giving deposition testimony and providing documents.").

3

attention in that respect is matched only by the plaintiffs' failure to explain why their request has merit. As a procedural matter, to the extent the plaintiffs seek information from either the City or Bowe individually to litigate their claims against the medical defendants, they are seeking non-party discovery that is available, if at all, via subpoena. If the plaintiffs issue an appropriate subpoena and the recipient refuses to comply, I may have occasion to address the issue further.

Moreover, to the extent the merits of the issue are before me now, I simply fail to see – and the plaintiffs have not explained – how the request in dispute seeks "nonprivileged matter that is relevant to any party's claim or defense" or is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Even assuming that a request for the source of Bowe's statement does not seek privileged information, I see no basis for accepting the plaintiffs' conclusory characterization of their request. The plaintiffs expect that the information they seek would show that "the City made a determination that the medical defendants' diagnosis [of the nature of the injury to V.S.'s child] was wrong," and assert that such information would be "highly relevant" – without identifying the factual or legal inquiry to which the information would have such relevance. Assuming that the City did disagree with the medical defendants' diagnosis, such disagreement would appear to be nothing more than an opinion – and likely inadmissible. In the absence of any explanation as to why the City's subjective assessment of another party's medical diagnosis would make it more or less likely that the diagnosis was correct, or as to why inadmissible information about the City's assessment could reasonably be expected to lead to the discovery of some admissible evidence in that regard, I have no basis to conclude that the information at issue is properly discoverable.

I therefore deny the plaintiffs' motion to compel. I do so without prejudice to the plaintiffs' right to serve a non-party subpoena seeking the same information at issue here to the extent they believe they may do so consistent with Federal Rule of Civil Procedure 45(c)(1), to their right to seek appropriate sanctions should any such subpoena not be obeyed, or to the right of the recipient of any such subpoena to move to have it quashed.

In light of the foregoing analysis, I necessarily deny all of the City's tit-for-tat requests for relief. Considering the continued viability of the plaintiffs' claims against the medical defendants and the law of the case establishing that the City defendants may be the source of discoverable information about those claims, the City's request for an order barring the plaintiffs from seeking such discovery is plainly meritless. Its request to bar the plaintiffs from "submitting any further motions or correspondence relating to this case" unless the claims against the City defendants are reinstated is even more manifestly frivolous, as such an order would put the plaintiffs in the untenable position of having to commit contempt of court simply to advance the litigation of the surviving claims against the medical defendants. Finally, in light of the City defendants' failure to address the sole substantive issue raised in the plaintiffs' motion, I conclude that granting the City's request for an award of costs would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(B).

For the reasons set forth above, I deny the plaintiffs' motion to compel discovery and I deny the requests by defendant City of New York for a protective order and an award of costs.

**SO ORDERED.**

Dated: Brooklyn, New York
May 10, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge